**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| Harold James, | |
| Plaintiff, | Civil No. 3:26-cv-00364 (VAB) (TOF) |
| v. | |
| Kia of East Hartford, | April 28, 2026 |
| Defendant. | |

**RECOMMENDED RULING ON MOTION**
**FOR LEAVE TO PROCEED *IN FORMA PAUPERIS* AND**
**MOTION FOR APPOINTMENT OF *PRO BONO* COUNSEL**

This case is an employment dispute in which Harold James ("the plaintiff") is suing his former employer, Kia of East Hartford ("the defendant"), because he was purportedly discriminated against by the defendant's service director. Mr. James filed his complaint on March 9, 2026, along with a motion to proceed *in forma pauperis* ("IFP") and a motion to appoint *pro bono* counsel. (ECF Nos. 1, 2, 3.)

When a plaintiff seeks permission to begin a lawsuit IFP – that is, without paying the filing fee – the court ordinarily conducts two inquiries. First, it reviews the plaintiff's financial affidavit and determines whether he is unable to pay the fee. 28 U.S.C. § 1915(a). Second, to ensure that the plaintiff is not abusing the privilege of filing a free lawsuit, the court examines his complaint to determine whether it "is frivolous" or "fails to state a claim on which relief may be granted." 28 U.S.C. §§ 1915(e)(2)(B)(i)-(ii). If the complaint is indeed frivolous or fails to state a claim, the court must dismiss the case. *Id.*

United States District Judge Victor A. Bolden referred this case to me – United States Magistrate Judge Thomas O. Farrish – to conduct these two inquiries and to review the motion for

1

appointment of counsel. (ECF No. 12.) I have examined the complaint and the two motions, along with Mr. James's financial affidavit. Upon careful review, **I recommend that the motion for leave to proceed IFP be denied** because Mr. James has not demonstrated that he is unable to pay the filing fee. He has substantial assets available to him, and he has therefore failed to demonstrate that he qualifies for IFP status. And because Mr. James has not passed the first inquiry, I do not reach the second step of the analysis at this time. *See, e.g., Witt v. Stefonski*, No. 3:22-cv-01489 (KAD), 2022 WL 22863353, at *1 (D. Conn. Dec. 28, 2022), *report and recommendation approved and adopted*, slip op. (D. Conn. Feb. 3, 2023) (denying IFP motion and not reaching second step of § 1915 review). Finally, I recommend that Mr. James's **motion for appointment of counsel also be denied**, as he has not demonstrated that he is indigent or that he took the appropriate steps on his own to secure counsel.

## I.    IFP STATUS

When a plaintiff files a complaint in federal court, ordinarily he must pay filing and administrative fees totaling $405. *See* 28 U.S.C. § 1914. District courts may nevertheless authorize commencement of an action "without prepayment of fees . . . by a person who submits an affidavit that includes a statement . . . that the person is unable to pay such fees." 28 U.S.C. § 1915(a)(1); *see also Coleman v. Tollefson*, 575 U.S. 532, 135 S. Ct. 1759, 1761 (2015) (explaining that plaintiffs who qualify for *in forma pauperis* status "may commence a civil action without prepaying fees or paying certain expenses").

To qualify as "unable to pay," the plaintiff does not have to demonstrate absolute destitution, *see Potnick v. E. State Hosp.*, 701 F.2d 243, 244 (2d Cir. 1983) (per curiam), but he does need to show that "paying such fees would constitute a serious hardship." *Fiebelkorn v. U.S.*, 77 Fed. Cl. 59, 62 (2007). The United States Supreme Court has said that a plaintiff makes a

"sufficient" showing of inability to pay when his application demonstrates that he "cannot because of his poverty pay or give security for the costs and still be able to provide himself and his dependents with the necessities of life." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

"In determining whether a plaintiff's financial circumstances meet these standards, courts may consider an applicant's assets in addition to her income." *Sullivan v. Harris*, No. 3:24-cv-01578 (KAD) (TOF), 2024 WL 4819285, at *2 (D. Conn. Nov. 18, 2024), *report and recommendation approved and adopted*, slip op. (D. Conn. Dec. 11, 2024) (citing 28 U.S.C. § 1915(a)(1)); *see also Witt*, 2022 WL 22863353, at *2 (D. Conn. Dec. 28, 2022).  During this inquiry, courts may consider "equity in real estate." *Cnty. of Allegheny v. Strader*, No. 2:18-cv-00775 (CRE), 2018 WL 3660092, at *2 (W.D. Pa. Aug. 2, 2018).  In *Ireland v. Reliance Standard Life Ins. Co.*, for example, the court denied a plaintiff's motion to proceed IFP where she had "an estimated $60,000 of equity in her home."  No. 3:97-cv-00563 (THE), 1997 WL 85008, at *1 (N.D. Cal. Feb. 21, 1997).  In fact, courts have found that as little as $10,000 in home equity can preclude a plaintiff from obtaining IFP status.  *See, e.g.*, *Woodard v. Upland Mortg.*, No. 2:03-cv-04382 (EVL), 2003 WL 22597645, at *1 (E.D. Pa. Oct. 27, 2003), *aff'd*, 100 F. App'x 127 (3d Cir. 2004).

In this case, Mr. James' *in forma pauperis* affidavit states that he receives $2884 per month in unemployment benefits.[1]  (ECF No. 2, at 3.)  The affidavit also lists monthly expenses of $3020, including a monthly mortgage of $1400, utility bills totaling $1095, and food expenses of $300.

---

[1]     Mr. James reports that his last job, at Brandfon Hyundai, ended on October 21, 2025, and that he has been receiving unemployment benefits since November 5, 2025.  (ECF No. 2, at 3.)

(*Id.* at 4.)  Thus, if entitlement to IFP status were determined solely by the relationship between monthly income and monthly expenses, Mr. James would clearly qualify.

But Mr. James's affidavit also discloses significant assets.  To begin with, he owns a Waterbury home with at least $65,000 worth of equity in it.[2]  His affidavit also discloses that he owns two automobiles – a 2016 Audi Q3 worth $4000, and a 2012 Hyundai Sonata worth $2000 – even though he seems to be the only person in his household.[3]  *See* ECF No. 2, at 4 (disclosing no spouse or spousal income); Property Card, *supra* n.2 (identifying Mr. James as the sole owner of the home).  Finally, Mr. James has $1825 in cash or bank accounts, more than four times the filing fee.  (ECF No. 2, at 4.)

Courts typically deny IFP status to plaintiffs with these sorts of assets, even when their monthly expenses exceed their monthly income.  In *Murphy v. PHH Mortgage Servicers*, for example, Judge Dooley denied IFP status to a plaintiff who claimed temporary "financial distress" and "a high level of monthly expenses," because she nevertheless had "$6,000 in highly liquid

---

[2]     On his affidavit, Mr. James estimates the value of the home at $170,000, and he says that he owes $104,000 on his mortgage.  (ECF No. 2, at 4.)  Using his own valuation, he has $66,000 worth of equity in the home.  The Waterbury tax assessor has, however, appraised the home at $234,000.  *See:*

https://www.propertyrecordcards.com/PropertyResults.aspx?towncode=151&uniqueid=0263043
50001

*See also Giraldo v. Kessler*, 694 F.3d 161, 164 (2d Cir. 2012) (stating that district courts may "take judicial notice of relevant matters of public record"); *Witt*, 2022 WL 22863353, at *2 n.1 (taking judicial notice of municipal assessor's online valuation records).  If the assessor's valuation is correct, Mr. James has $130,000 worth of equity in his home.

[3]     Moreover, there are reasons to suspect that Mr. James has understated the value of his automobiles.  A search of Cars.com for 2016 Audi Q3s for sale within 100 miles of Mr. James's zip code returned nine results, with asking prices ranging from $7,999 to $16,998.  A similar search for 2012 Hyundai Sonatas returned three results with asking prices ranging from $5,000 to $8,260.  Finally, although Mr. James's affidavit in support of his IFP motion discloses ownership of only two cars, he disclosed a third in his motion for appointment of counsel.  (ECF No. 3, at 2.)  Mr. James is respectfully cautioned that all of his submissions to the Court must be true and accurate. *See* Fed. R. Civ. P. 11.

assets and over $100,000 in home equity." No. 3:23-cv-1552 (KAD) (TOF), 2024 WL 2864218, at *2 (D. Conn. Jan. 23, 2024), *report and recommendation approved and adopted*, slip op. (D. Conn. May 15, 2024). Similarly, in *V.W. v. Yale University* the plaintiff had income of only $19 per week against over $4000 in monthly expenses. No. 3:22-cv-01156 (KAD) slip op. at 3 (D. Conn. September 28, 2022), *report and recommendation approved and adopted*, slip op. (D. Conn. Oct. 20, 2022). But she also had at least $110,000 in equity in her home, along with about $1500 in the bank, and accordingly the Court denied her motion to proceed IFP. *Id.* at 4.

Given this body of law, I will recommend that Judge Bolden deny Mr. James's IFP motion because he has between $65,000 and $130,000 in home equity and over $1800 in cash on hand. This is a level of resources sufficient to keep a $405.00 filing fee from constituting a "serious hardship."

## II.   MOTION FOR APPOINTMENT OF COUNSEL

Mr. James has also moved for appointment of counsel. (ECF No. 3.) 28 U.S.C. § 1915(e)(1) provides that a "court may request an attorney to represent any person unable to afford counsel." Unlike criminal defendants, however, civil litigants do not have a constitutional right to be represented by an attorney. *Mustafa v. Stanley*, No. 3:19-cv-1780 (VAB), 2020 WL 6536910, at *2 (D. Conn. Nov. 6, 2020). A district court has "substantial discretion" when determining whether to appoint "*pro bono* counsel to an indigent litigant in a civil case." *Richard v. Strom*, No. 3:18-cv-1451 (CSH), 2021 WL 5828065, at *1 (D. Conn. June 4, 2021) (citing *Ferrelli v. River Manor Health Care Ctr.*, 323 F.3d 196, 203 (2d Cir. 2003)). The District of Connecticut Local Rules provide that a court should consider, when deciding upon the appointment of *pro bono* counsel, a party's ability or inability to afford legal counsel; the likelihood that counsel may be

secured under alternative fee arrangements; and the apparent merit of the party's claims or defenses.  D. Conn. L. Civ. R. 83.10(c)(1).

In this case, Mr. James has not demonstrated that he is unable to afford legal counsel.  The standard for determining whether a plaintiff can afford counsel is the same for determining whether he is unable to afford the filing fee for purposes of IFP status.  *Sardarian v. Fed. Emergency Mgmt. Agency*, No. 3:19-cv-910 (CSH), 2019 WL 8331443, at *2 (D. Conn. June 19, 2019) (applying the standard in *Adkins* to a motion for appointment of counsel).  Because Mr. James has not shown that he cannot afford the filing fee, he also has not shown that he cannot afford to obtain his own lawyer.

Second, Mr. James can likely secure counsel on his own, if he applies himself.  Employment discrimination lawyers are frequently willing to represent clients with meritorious claims on a contingent fee basis.  *See McCann v. New World Pasta Co.*, No. 4:10-cv-1694 (CDP), 2011 WL 778496, at *1 (E.D. Mo. Mar. 1, 2011) (noting that "some attorneys take employment discrimination cases on a contingency fee basis which requires little to no up-front payment"); *Mutesha v. Zebra Techs. Corp.*, No. 96-C-2767, 1996 WL 361553, at *2 (N.D. Ill. June 26, 1996) (denying motion for appointment of counsel in part because "employment discrimination cases are often handled on a contingency fee basis").  Mr. James apparently called two such firms, but he gave up when his first call to each firm went unreturned.  (Mot. for Appt. of Counsel, ECF No. 3, at 4.)  Before the Court drafts an attorney to work for him for free, Mr. James must (among other things) make a much more diligent effort than this.  *See Lamb v. Schmaling*, No. 17-C-383, 2017 WL 11926535, at *1 (E.D. Wis. Apr. 4, 2017) (holding that plaintiffs who apply for court-appointed counsel under 28 U.S.C. § 1915(e)(1) "must make a reasonable attempt to secure private counsel on their own").

It is too early to assess the third Rule 83.10(c)(1) factor—that is, "the apparent merit of the party's claims or defenses." But because the other two factors counsel against it, I recommend that Mr. James's motion for appointment of counsel be denied. The denial should, however, be "without prejudice"—meaning that Mr. James can renew his motion later if he can show that he qualifies financially, that he was still unsuccessful in hiring counsel after diligent effort, and that his case has sufficient merit to justify appointment of counsel.

## III.    CONCLUSION

For the reasons set forth above, I recommend that Judge Bolden deny the motion to proceed *in forma pauperis*, and that he deny the motion to appoint counsel as well. If Judge Bolden accepts the first recommendation, this would mean that Mr. James must pay the $405 filing fee or his case may be dismissed.

This is a recommended ruling by a magistrate judge. Fed. R. Civ. P. 72(b)(1); D. Conn. L. Civ. R. 72.1(C). **Mr. James has the right to object to my recommendation, but any such objection MUST BE FILED WITH THE CLERK OF THE COURT BY MAY 18, 2026.** *See* Fed. R. Civ. P. 72(b)(2) (stating that objections to magistrate judge recommendations shall be filed within fourteen days); D. Conn. L. Civ. R. 72.2(a) (allowing five additional days for persons who, like Mr. James, will receive the recommendation from the Clerk of the Court via mail); Fed. R. Civ. P. 6(a)(1)(C) (stating that, if a due date falls on a weekend, the date is extended to "the end of the next day that is not a Saturday, Sunday, or legal holiday"). If he fails to file a timely objection, his failure "operates as a waiver of any further judicial review[.]" *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989). In particular, failure to file a timely objection operates as a waiver of the right to seek appellate review in the Court of Appeals. *Id.*;

7

*see also* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; Fed. R. Civ. P. 6; *see also Impala v. U.S. Dep't of Justice*, 670 F. App'x 32 (2d Cir. 2016) (summary order).

                                                    */s/ Thomas O. Farrish*
                                          Hon. Thomas O. Farrish
                                          United States Magistrate Judge